IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AVLON INDUSTRIES, INC. | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | ) Civil Action No.: 11cv 705<br>)<br>) |
| YONGSUN ENTERPRISES, INC. and<br>YONG SUN ANN d/b/a<br>JAJ BEAUTY SUPPLY | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT**

**COMES NOW** the Plaintiff, Avlon Industries, Inc., by and through its legal counsel, TREGO, HINES & LADENHEIM, PLLC, and in support of its Complaint against Defendants Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply (the "Named Defendants") does hereby allege and aver:

**Parties**

1. Plaintiff, Avlon Industries, Inc., is an Illinois corporation having a principal place of business in Melrose Park, Illinois.

2. Upon information and belief, Defendant Yongsun Enterprises, Inc. is a North Carolina corporation having a registered office address at 1011 South Cannon Road, Kannapolis, North Carolina 28083.

1

3. Upon information and belief, Defendant Yong Sun Ann is a natural person, is a director of Defendant Yongsun Enterprises, Inc., and regularly conducts business in this State and District.

4. Upon information and belief, Defendant Yong Sun Ann and/or Defendant Yongsun Enterprises, Inc. does business in this State and District under the name JAJ Beauty Supply.

**Jurisdiction and Venue**

5. This Court has both diversity and federal question jurisdiction over this case.

6. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10. Upon information and belief, each of the Named Defendants has sufficient contacts with this State and District such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## AVLON and the AVLON Marks

12. Avlon Industries, Inc. (hereinafter, "Avlon") is in the business of, *inter alia*, developing, manufacturing and selling high quality hair care products.

13. Avlon sells its professional grade hair care products, under a variety of brand names, throughout the United States and the world, including in this State and District.

14. Avlon only sells its professional grade hair care products to licensed cosmetologists, beauticians and salons.

15. Avlon is the owner of numerous trademarks that it uses in connection with its line of professional grade hair care products.

16. Many of the trademarks Avlon owns are the subject of United States Trademark Registrations.

17. Avlon is the owner of United States Trademark Registration No. 1,376,804 (hereinafter, "the '804 registration") for the mark AFFIRM for use in connection with cosmetic preparations used by beauticians to shampoo, relax, straighten and condition hair. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

18. The '804 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

19. Avlon is the owner of United States Trademark Registration No. 1,767,128 (hereinafter, "the '128 registration") for the mark PROTECTO for use in connection with preparations for straightening hair. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

20. The '128 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Avlon is the owner of United States Trademark Registration No. 1,737,884 (hereinafter, "the '884 registration") for the mark THE SCIENCE OF HAIRCARE for use in connection with, *inter alia*, hair care preparations for straightening hair. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

22. The '884 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Avlon is the owner of United States Trademark Registration No. 1,763,923 (hereinafter, "the '923 registration") for the mark AVLON + Design for use in connection with, *inter alia*, hair straightening preparations. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

24. The '923 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25. Since the inception of their use, the trademarks marks described in paragraphs 17 to 24 above (hereinafter, collectively, "the Avlon Marks"), have been used by Avlon only in connection with the provision of the highest quality hair care products.

26. Each registration identified in paragraphs 17-24 above remains active, valid and enforceable.

27. Avlon has invested, and continues to invest, significant resources in the development, promotion and protection of the Avlon Marks.

4

28. As a result of its concerted branding efforts, the Avlon Marks have become widely associated with Avlon's line of hair care products in the minds of the consuming and general public.

29. The Avlon Marks are indicative to both the trade industry and consumers that items bearing the Avlon Marks originate from, or are sponsored or approved by, Avlon, and constitute genuine and authentic Avlon products.

### The AFFIRM® Conditioning Relaxer System Kit

30. Avlon's line of professional grade hair care products includes the AFFIRM® Conditioning Relaxer System kit (hereinafter, the "AFFIRM® Product Kit").

31. The AFFIRM® Product Kit is a hair straightening system intended for use by the professional hair care industry.

32. Avlon restricts its distribution and sale of the AFFIRM® Product Kit to licensed cosmetologists, beauticians and salons.

33. Avlon does not sell the AFFIRM® Product Kit or its individual components to retailers or consumers. Avlon restricts its sales to licensed cosmetologists due to the potential consequences of applying or using the product incorrectly. Professional training is needed to use the product in a safe and appropriate manner.

34. The AFFIRM® Product Kits are sold in units of four (4), nine (9) or twenty (20) applications, which are each packaged in one box labeled "AFFIRM® Conditioning Relaxer System." For illustrative purposes, this Complaint will refer to a 20 Application AFFIRM® Product Kit. Representative photographs of a 20 Application AFFIRM® Product Kit are attached hereto as Exhibit 5.

5

35. The front of each AFFIRM® Product Kit prominently displays the notice "For Professional Use Only" and "Not for Retail Sale." See Exhibit 6.

36. The sides of each AFFIRM® Product Kit provide an itemized list of kit contents. See Exhibit 7.

37. Each 20 Application AFFIRM® Product Kit contains:

    a. 1 bottle (4 fl. oz.) of PROTECTO® brand hair straightening preparation;

    b. 1 bottle (26 fl. oz.) of AFFIRM® brand "Liquid Activator";

    c. 20 tubs (4.9 oz) of AFFIRM® brand "Moisture Plus Creme Relaxer";

    d. 1 wooden stirrer;

    e. 1 measuring cup to be used for measuring the correct amount of AVLON® "Liquid Activator" depending on hair type; and

    f. 1 set of Professional Instructions.

38. The products contained in the AFFIRM® Product Kit are branded with one or more of the Avlon Marks.

39. The bottle of AFFIRM® brand "Liquid Activator" contained in the AFFIRM® Product Kit prominently displays the notice: "Read instruction sheet completely before using. Use only when thoroughly mixed with Creme Relaxer (Part A)".

40. Each tub of AFFIRM® brand "Moisture Plus Creme Relaxer" contained in the AFFIRM® Product Kit prominently displays the notice:

**NOT FOR RETAIL SALE. READ PROFESSIONAL INSTRUCTION SHEET COMPLETELY PRIOR TO APPLICATION. NOTE ALL WARNINGS AND DIRECTIONS CAREFULLY.** The mixture of Relaxer Creme (Part A) and the liquid activator (Part B) contains Guanidine Hydroxide, (Mild: 4.5 – 4.7%; Normal: 4.75 – 5.0%, Resistant: 5.05 – 5.30%). When relaxing color-treated hair, use Mild Strength only. **BEFORE USE, THE ACTIVATOR (PART B) MUST BE THOROUGHLY MIXED WITH THE RELAXER CREME (PART A).** Extra space is provided in this jar to allow for mixing.

41. Each AFFIRM® Product Kit also contains a set of "Professional Instructions." The Professional Instructions provide critical consumer safety information regarding proper use of the product. For example, the Professional Instructions warn that: 1) the product must be kept out of reach of children, 2) the product contains Guanidine Hydroxide, 3) the product must not be applied directly to human skin, 4) the product must not be applied to hair that has been treated with Ammonium Thioglycolate, 5) vomiting must not be induced if the product is ingested, etc. A copy of the complete Professional Instructions which are included in each and every AFFIRM® Product Kit is attached hereto as Exhibit 8.

42. Failure to follow the Professional Instructions or use of an AFFIRM® Product Kit or its components by an unlicensed, non-professional, may result in unintended or undesirable results for the consumer.

43. The Professional Instructions contained in each and every AFFIRM® Product Kit set forth the proper procedures for the preparation and application of the AFFIRM® Moisture Plus Conditioning Relaxer System.

44. Of critical importance, the Professional Instructions set forth the mixing instructions, timetables and warnings that the licensed cosmetologist will need to follow when mixing the AFFIRM® brand "Liquid Activator" with the AFFIRM® brand "Moisture Plus Creme Relaxer."

45. Mixing the AFFIRM® brand "Liquid Activator" with the AFFIRM® brand "Moisture Plus Creme Relaxer" produces Guanidine Hydroxide. Accordingly, safe preparation and application of the product requires that the licensed cosmetologist follow the mixing instructions and time tables precisely.

46. The AVLON® "Liquid Activator" measuring cup is marked to provide the licensed cosmetologist with three different, and precise, measures of liquid activator, depending on the condition of the hair to be straightened.

47. The first measure, for Mild Strength, calls for 1.220 fl. oz. of AVLON® "Liquid Activator". When using the product at Mild Strength, total exposure time, including application and smoothing, is not to exceed 13 minutes.

48. The second measure, for Normal Strength, calls for 1.354 fl. oz. of AVLON® "Liquid Activator". When using the product at Normal Strength, total exposure time, including application and smoothing, is not to exceed 15 minutes.

49. The third measure, for Resistant Strength, calls for 1.466 fl. oz. of AVLON® "Liquid Activator". When using the product at Resistant Strength, total exposure time, including application and smoothing, is not to exceed 18 minutes.

**Infringing Conduct of Defendants**

50. Upon information and belief, Defendants Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply (hereinafter, collectively, "JAJ Beauty") operate a beauty supply store at 1011 South Cannon Road, Kannapolis, North Carolina 28083.

51. Avlon is aware that JAJ Beauty has been altering, tampering with, and making unauthorized sales of AFFIRM® branded product.

52. Specifically, Avlon is aware that JAJ Beauty has improperly acquired AFFIRM® Product Kits, has broken up the AFFIRM® Product Kits, rebottled the activator, and has sold and is selling makeshift single application "kits" directly to end retail consumers.

53. Avlon has sent multiple demand letters, via Federal Express, to JAJ Beauty indicating that it believed JAJ Beauty's conduct to be unlawful and infringing of Avlon's trademark

rights. Avlon has repeatedly demanded that JAJ Beauty cease its infringing activity and threatened to institute legal action to enforce its rights.

54. JAJ Beauty has not responded to Avlon's demands.

55. Avlon has recently learned that JAJ Beauty, despite being put on actual notice that such conduct is unlawful, continues to alter, tamper with, and make unauthorized sales of AFFIRM® branded product.

56. Specifically, on or about April 9, 2011, an investigator for Avlon visited the JAJ Beauty Supply store located at 1011 South Cannon Road, Kannapolis, North Carolina 28083.

57. The investigator discovered that JAJ Beauty is continuing to break up AFFIRM® Product Kits, alter and repackage the product, and sell makeshift single application hair straightening "kits" directly to end retail consumers. The investigator took photographs of the makeshift kits that were on display and offered for sale by JAJ Beauty. A true and correct copy of the investigator's photographs are attached hereto as Exhibit 9.

58. The investigator purchased one of the makeshift hair straightening "kits" from JAJ Beauty. A true and correct photograph of the merchandise that the investigator purchased from JAJ Beauty is attached hereto as Exhibit 10.

59. The merchandise that the investigator purchased from JAJ Beauty consisted of:
    a. 1 tub (4.9 oz) of AFFIRM® brand "Moisture Plus Creme Relaxer";
    b. 1 wooden stirrer; and
    c. 1 bottle of pink liquid taped to the side of the tub of AFFIRM® brand "Moisture Plus Creme Relaxer."

60. The merchandise that the investigator purchased from JAJ Beauty had no Professional Instructions or warnings.

61. Avlon has recently learned that JAJ Beauty, despite being put on actual notice that such conduct is unlawful, continues to alter, tamper with, and make unauthorized sales of AFFIRM® branded product.

62. Specifically, during the weekend of August 27, 2011 an investigator for Avlon visited the JAJ Beauty Supply store located at 1011 South Cannon Road, Kannapolis, North Carolina 28083.

63. The investigator discovered that JAJ Beauty is continuing to break up AFFIRM® Product Kits, alter and repackage the product, and sell makeshift single application hair straightening "kits" directly to end retail consumers. The investigator took photographs of the makeshift kits that were on display and offered for sale by JAJ Beauty. A true and correct copy of the investigator's photographs are attached hereto as Exhibit 11.

64. The merchandise that the investigator photographed at JAJ Beauty consisted of:
    a. 1 tub (4.9 oz) of AFFIRM® brand "Moisture Plus Creme Relaxer"; and
    b. 1 bottle of pink liquid.

65. Avlon does not sell the AFFIRM® brand "Moisture Plus Creme Relaxer" independently of the AFFIRM® Product Kit.

66. Avlon does not sell AFFIRM® brand "Liquid Activator" independently of the AFFIRM® Product Kit.

67. Avlon does not sell any pink liquid in an unmarked plastic bottle.

68. The merchandise that the investigator purchased from and photographed at JAJ Beauty was branded with one or more of the Avlon Marks. However, that merchandise was not genuine and authentic AVLON® merchandise for at least the following reasons:

10

a. The merchandise appears to be part of a broken up AFFIRM® Product Kit that has been misbranded and tampered with, and has been "repackaged" with an unidentified pink liquid in a generic bottle;

b. The merchandise was not manufactured and distributed under the quality controls established by Avlon;

c. JAJ Beauty is not an authorized distributor of Avlon products;

d. JAJ Beauty is not a licensed cosmetologist, beautician or salon;

e. JAJ Beauty was not trained by Avlon on the proper use of the products and left the manner of use and administration of the product to the imagination of the retail consumer;

f. No instructions were provided with the merchandise;

g. No warnings, precautions or safety instructions were provided with the merchandise;

h. The merchandise was not sold in Avlon's original packaging; and

i. The quantity and/or the quality of the product in the containers was altered.

69. Upon information and belief, these are not isolated incidents. Rather, JAJ Beauty has been and continues to be involved in advertising, marketing, offering, distributing and/or trafficking of misbranded and tampered with Avlon products to unidentified persons or entities through its retail store.

70. JAJ Beauty's wrongful conduct includes the use, advertising, marketing, offering, distribution, and/or trafficking of infringing materials, specifically reproductions, counterfeits, copies, or colorable imitations of the Avlon Marks.

11

71. JAJ Beauty's wrongful conduct includes breaking up AFFIRM® Product Kits, misbranding, tampering with and altering the contents, repackaging the contents into makeshift single application hair straightening "kits" and selling or distributing those "kits" to unlicensed consumers.

72. JAJ Beauty's wrongful conduct includes breaking up AFFIRM® Product Kits and selling or distributing their contents or individual items to unlicensed consumers.

73. Upon information and belief, JAJ Beauty's wrongful conduct constitutes a violation of N.C. Gen. Stat. §106-122 (1) in that its conduct includes the sale, delivery, holding and offering for sale of a cosmetic that has been adulterated or misbranded.

74. Upon information and belief, JAJ Beauty's wrongful conduct constitutes a violation of N.C. Gen. Stat. §106-122 (9) in that its conduct includes the alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of a cosmetic, while such article is held for sale and resulted in the article being misbranded or adulterated.

75. Upon information and belief, JAJ Beauty has willfully infringed, and with full knowledge of the existence of Avlon's trademark rights, continues to infringe on one or more of the Avlon Marks. At the very least JAJ Beauty has been willfully blind and acted with reckless disregard of the Avlon Marks.

76. The continued use of the Avlon Marks by JAJ Beauty in connection with altered, unauthorized and unidentified product has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the Avlon Marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (15 U.S.C. §1114)

77. Paragraphs 1- 76 are incorporated by reference herein as though set forth in their entirety.

78. Avlon is the owner of the Avlon Marks which it uses in connection with a variety of professional grade hair care products. Included in the Avlon Marks are at least the following United States Trademark Registrations: the '804 registration; the '128 registration; the '884 registration; and the '923 registration.

79. Upon information and belief, JAJ Beauty has used, and continues to use the Avlon Marks, including one or more of the federally registered marks identified in paragraph 78 above, in connection with the sale of hair care products.

80. Upon information and belief, JAJ Beauty had actual knowledge of the Avlon Marks owned by Avlon and, without the consent of Avlon, knowingly and deliberately used in commerce, in connection with the sale of hair care products, marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

81. The acts of JAJ Beauty as described herein constitute infringement of one or more of Avlon's federally registered trademarks.

82. As a direct and proximate cause of the infringing acts of JAJ Beauty, Avlon has been damaged in an amount to be determined at trial.

83. Avlon is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of JAJ Beauty, and the cost of the action under 15 U.S.C. §1117. In the alternative, with respect to the counterfeit components, Avlon is entitled to statutory damages for each counterfeit mark.

84. The acts of JAJ Beauty as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

85. The acts of JAJ Beauty as described herein have caused and will continue to cause serious irreparable injury to Avlon and to the good will associated with the Avlon Marks unless restrained and enjoined by this Court. Avlon has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition - False Designation of Origin
### (15 U.S.C. §1125(a))

86. Paragraphs 1 – 85 are incorporated by reference herein as though set forth in their entirety.

87. Upon information and belief, JAJ Beauty had actual knowledge of the Avlon Marks owned by Avlon and, without the consent of Avlon, knowingly and deliberately used in commerce, in connection with the sale of hair care products, marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)). At the very least, JAJ Beauty was willfully blind and acted with reckless disregard for the Avlon Marks.

88. Upon information and belief, JAJ Beauty has used, and continues to use, one or more of the Avlon Marks in commerce in connection with the sale of hair care products.

89. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Avlon and JAJ Beauty, or as to the origin, sponsorship, or approval of the goods or commercial activities of JAJ Beauty by Avlon.

14

90. As a direct and proximate cause of the acts of JAJ Beauty as described herein, Avlon has been damaged in an amount to be determined at trial.

91. Avlon is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of JAJ Beauty, and the cost of the action under 15 U.S.C. §1117.

92. The acts of JAJ Beauty as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

93. The acts of JAJ Beauty as described herein have caused and will continue to cause serious irreparable injury to Avlon and to the good will associated with the Avlon Marks unless restrained and enjoined by this Court. Avlon has no adequate remedy at law.

## COUNT III
### North Carolina Unfair and Deceptive Trade Practices
### (N.C. Gen. Stat. §75-1.1)

94. Paragraphs 1 – 93 are incorporated by reference herein as though set forth in their entirety.

95. The activities of JAJ Beauty as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing injury to Avlon. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. §75-1.1.

96. By reason of the foregoing, Avlon is entitled to recover from JAJ Beauty, treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. §75-16 and 75-16.1.

## COUNT IV – Against All Defendants
### North Carolina Common Law
### Trademark Infringement / Unfair Competition

15

Case 1:11-cv-00705   Document 1   Filed 09/02/11   Page 15 of 19

97. Paragraphs 1 – 96 are incorporated by reference herein as though set forth in their entirety.

98. The activities of JAJ Beauty as described herein are unfair acts that have damaged the legitimate business of Avlon; therefore those activities constitute unfair competition pursuant to the common law of North Carolina.

99. JAJ Beauty has used marks in commerce in connection with the sale of hair care products which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of North Carolina.

100. Avlon has been damaged by the conduct of JAJ Beauty as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Avlon prays:

A. That each of the Named Defendants, *i.e.*, Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the Avlon Marks, including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto;

B. That each of the Named Defendants, *i.e.*, Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply, jointly and severally, be compelled to identify from whom they purchased the infringing Avlon products, along with all invoices, correspondence, business cards and any and all identifying information in their custody or under their direction or control and further be compelled to surrender for destruction all infringing Avlon products together with all name plates, labels, advertisements and other materials

reproducing any of the Avlon Marks including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto;

C. That each of the Named Defendants, *i.e.*, Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from their use of one or more of the Avlon Marks;

D. That Avlon be awarded judgment for damages against each of the Named Defendants, *i.e.*, Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

2) all damages sustained by Avlon as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

3) That, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Avlon to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Avlon as a result of this action, pursuant to 15 U.S.C. §1117, and that Avlon be awarded such relief;

Alternatively, that Avlon be awarded statutory damages pursuant to 15 U.S.C. §1117 for each counterfeit mark;

E. That Avlon be awarded judgment for damages as a result of each Named Defendant's (*i.e.*, Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply) unfair and deceptive trade practices and that those damages be trebled pursuant to N.C. Gen. Stat. §75-16 and that Avlon be awarded its reasonable attorneys' fees pursuant to N.C. Gen Stat. §75-16.l;

F. That Avlon be awarded judgment for damages resulting from each Named Defendant's (*i.e.*, Yongsun Enterprises, Inc. and Yong Sun Ann d/b/a JAJ Beauty Supply) common law trademark infringement and common law unfair competition;

G. That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

H. That Avlon be awarded the costs and attorneys' fees it incurs in this action; and

I. That all triable issues be brought before a jury.

Respectfully submitted,

**TREGO, HINES & LADENHEIM, PLLC**

This the 2nd day of September, 2011.

/s/Matthew J. Ladenheim
Matthew J. Ladenheim
State Bar No.: 29309
Attorney for Avlon International, Inc.

TREGO, HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway, Suite 210
Charlotte, NC 28269
Telephone: (704) 599-8911
Facsimile: (704) 599-8719
Email:mjl@thl-iplaw.com